IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:25-cr-00260-ZMB-SPM |
| | ) | |
| ALBERT JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

**POST-HEARING REPLY BRIEF OF THE DEFENDANT JAMES IN SUPPORT OF DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE AND STATEMENTS (R. DOCS. 20 & 21)**

With respect to the question of whether the traffic stop was illegally prolonged, the chief disagreement between the parties seems to be when the traffic encounter ended. The traffic stop was legally over when English handed James back his documents, shook his hand, and told him to be safe. All the probable cause that could have formed the basis of detention and a search was developed in advance of that handshake. Post-handshake, after the traffic stop had ended, English did not develop any additional or new probable cause to legally support extending the stop. And that should be the end of this analysis.

In its brief the Government states "[i]mmediately following the end of the traffic stop, Officer English spent approximately 35 second attempting to receive defendant's consent to search his vehicle…" The Government seems to simultaneously acknowledge that the traffic stop had concluded while ignoring the fact that by English then asking James post-handshake to search the

1

vehicle English was in fact unconstitutionally prolonging a legally and factually concluded traffic stop. And of course, refusing to let law enforcement search for something, i.e., exercising one's Constitutional rights, cannot serve as the probable cause for a search.

The Government seems to suggest a "dropped food rule" by suggesting that a delay of 43-seconds, or however long, is a "no harm, no foul" situation (i.e., that if you pick dropped food up off the ground fast enough it is not actually dirty). The Constitution however does not allow for such an analysis. The traffic stop had concluded. No new probable cause was developed to legally prolong the stop. The only factual change between James being told to "be safe" and his detention by English was the arrival on the scene of the canine officer which caused English to impermissibly and illegally detain James (who was most definitely then no longer free to leave the scene), all to allow a search that would otherwise by operation of fact, law, and timing have not been allowed.

While the Defendant continues to assert the stop itself was unsupportable AND that the canine sniff is defective owing to the complete lack of foundation and documentation regarding the certification or reliability of the canine, those arguments have been fully developed in the primary briefing and will not be further address here (absent a request for clarification or supplementation by the Court).

## CONCLUSION

There remain three independently compelling reasons to suppress the

2

evidence and statements in this case. While all three apply, any one of them would be independently legally sufficient for suppression. The traffic stop in this matter was made without probable cause. The traffic stop was illegally and unconstitutionally extended. And the Government failed to establish that the canine/handler team were sufficiently trained or reliable. Both the drug evidence and the statement of defendant must be suppressed.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By:    */s/ Talmage E. Newton IV*
Talmage E. Newton IV, MO56647
talmage@newtonbarth.com
555 Washington Ave., Suite 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
(314) 762-6710 – Fax

*Attorney for Defendant James*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing system on this 13th day of July, 2026.

*/s/ T.E. Newton*

3